UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

RUBEN PEÑA,                                        :
                                                   :
                               Petitioner,         :
                                                   :        **ORDER DENYING HABEAS**
                    -against-                       :        **PETITION**
                                                   :
BRIAN FISCHER,                                      :        06 Civ. 5427 (AKH)
                                                   :
                                                   :
                                                   :
                               Respondent.   :
-----------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On July 15, 1986, petitioner Ruben Peña ("Peña") was convicted, following a jury trial in New York Supreme Court, New York County, of Murder in the Second Degree, N.Y. Penal Law § 125.25, Manslaughter in the First Degree, N.Y. Penal Law § 125.20, and Attempted Murder in the Second Degree, N.Y. Penal Law §§ 110.00, 125.25, and sentenced to one indeterminate prison term of twenty-five years to life on the murder charge and to two indeterminate prison terms of eight and one-third to twenty-five years on the manslaughter and attempted murder charges, respectively.  All terms of custody run concurrently.

On May 10, 2006, petitioner brought this petition for habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his constitutional rights.  Because I find that Peña's petition was not filed on or before April 24, 1997, and because I hold that petitioner has not demonstrated the "extraordinary circumstances" necessary for equitable tolling of the relevant one-year statute of limitations established by Congress, I deny Peña's petition for a writ of habeas corpus.

After his 1986 conviction, petitioner appealed the judgment of conviction, and the Appellate Division, First Department affirmed the judgment summarily and without opinion.  People v. Peña, 144 A.D.2d 1043 (1st Dept. 1988).  On April 5, 1989, petitioner's application for leave to appeal to the Court of Appeals was denied.  People v. Peña, 73 N.Y.2d 1020 (1989).

Petitioner's New York State post-judgment application to vacate the conviction pursuant to N.Y. Crim. Proc. Law § 440.10 was denied, with leave to appeal denied on September 30, 1993.  People v. Peña, 1993 N.Y. App. Div. Lexis 9105 (1st Dept. Sept. 30, 1993).  Petitioner filed neither a federal petition for habeas corpus, nor any additional state court application in respect of his predicate convictions in the ten years following the denial of his application under N.Y. Crim. Proc. Law § 440.10.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law, which provides, in relevant part, that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d).

On December 18, 2003, petitioner filed an application for a Writ of Error Coram Nobis in New York State Court, claiming ineffective assistance of appellate counsel.  The Appellate Division, First Department denied petitioner's application, People v. Peña, 8 A.D.3d 1131 (1st Dept. 2004), and petitioner's request for leave to appeal to the New York Court of Appeals was denied on May 26, 2005.  People v. Peña, 4 N.Y.3d 889 (2005).

Petitioner filed the instant petition on May 10, 2006.  By Order of July 18, 2006, Judge Mukasey directed petitioner to show cause why his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).  By Affirmation of August 28, 2006, petitioner argued that the petition should not be barred by the one-year statute of limitations of Section 2244(d), asserting that his inability to obtain transcripts of the hearing minutes of his post-judgment application under N.Y. Crim. Proc. Law § 440.10 constituted extraordinary circumstances justifying an equitable tolling of the statute of limitations.  See Smith v. McGinnis, 208 F.3d 13, 17 (2000) (per curiam) (one year period not jurisdictional and equitable tolling permitted if extraordinary circumstances prevented timely filing). Petitioner repeats his assertion by Affirmation of February 7, 2007.

In the petition itself, petitioner noted that his conviction became final on July 4, 1989, and conceded, "the instant petition is time barred." As respondent notes, the last date upon which Peña would have been eligible to file a petition for habeas corpus under 28 U.S.C.§ 2244(d) would have been April 24, 1997. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (petitioners convicted prior to enactment of AEDPA afforded one year from effective date to file habeas petition).

I hold that Peña's petition for a writ of habeas corpus is time-barred. Peña's assertions respecting his inability to obtain transcripts of the hearing minutes of his post-judgment application do not constitute "extraordinary circumstances prevent[ing] him from filing his petition on time."  Smith, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d, 8, 12 (2d Cir. 1996)).  Moreover, as Peña himself asserted, his difficulties respecting the state court transcripts occurred in 1993; he makes no assertions respecting extraordinary circumstances subsequent to that year, nor does he show why he needed a transcript in order to file a petition.  Thus, Peña has not shown that he experienced

extraordinary circumstances preventing timely filing in the one-year statute of limitations period beginning with the passage of the AEDPA in 1996, nor has he shown reasonable diligence throughout the period he seeks to toll, both of which are prerequisites for equitable tolling.  See id.

Because the statute of limitations plainly bars the instant petition, I deny a certificate of appealability.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). The Clerk shall mark the case closed.

SO ORDERED.

Dated:      New York, New York
            Febriary **2** 2007

ALVIN K. HELLERSTEIN
United States District Judge